UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE VALDOSSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3571** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Motion for Summary Judgment.[1] Plaintiff Mike Valdosse ("Plaintiff") did not file an opposition to the motion.[2] In this Hurricane Ida matter, Allstate contends that Plaintiff's claims against it must be dismissed because the insurance policy contains an express windstorm and hail exclusion endorsement.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[4] Plaintiff filed a Complaint in this Court on August 18, 2023 against Allstate to recover damages to his property at 2613 Kentucky Avenue, Kenner, Louisiana 70062 (the "Property").[5] Plaintiff

---

[1] Rec. Doc. 13.

[2] Under Local Rule 7.5, the deadline for Plaintiff to file an opposition was February 13, 2024, as the motion was set for submission on February 21, 2024.

[3] Rec. Doc. 13-1.

[4] Rec. Doc. 1 at 3.

[5] *Id.* at 2–3.

1

alleges that he was insured against property damage by an insurance policy Allstate issued, bearing policy number 815432213 (the "Insurance Policy").[6] Plaintiff asserts a breach of insurance contract claim and bad faith claims under La. Rev. Stat. Sections 22:1892 and 22:1973.[7] On January 2, 2024, Allstate filed an Answer to the Complaint.[8] On February 1, 2024, Allstate filed the instant Motion for Summary Judgment, contending that the Insurance Policy does not cover property damage caused by hurricanes.[9] On February 12, 2024, Plaintiff filed an ex parte "Motion to Dismiss Without Prejudice."[10] However, the motion was marked deficient by the Clerk of Court because Allstate had filed an Answer, but the motion did not indicate that Allstate consented to dismissal without prejudice.[11] Plaintiff was given until February 21, 2024 to remedy this deficiency, but he failed to do so. Plaintiff also did not file a response to the motion for summary judgment.

## II. Allstate's Arguments

Allstate contends that the Insurance Policy contains an endorsement excluding coverage for windstorm or hail.[12] Allstate contends that the terms of this exclusion are plain, express, and unambiguous in excluding from coverage all damage caused by wind or hail.[13] Allstate also argues

---

[6] *Id.* at 3.

[7] *Id.* at 6–7.

[8] Rec. Doc. 11.

[9] Rec. Docs. 13, 13-1.

[10] Rec. Doc. 14.

[11] *See id.*

[12] Rec. 13-1 at 1–2.

[13] *Id.* at 2.

2

that it has the right to "limit coverage in any manner [it] desires, so long as the limitations do not conflict with statutory provisions or public policy."[14] According to Allstate, the windstorm coverage exclusion is also not contrary to statutory law or public policy.[15] Allstate cites to several cases where courts in Louisiana have found that a windstorm endorsement similar to the one at issue here excludes coverage for wind-related damages resulting from a windstorm event.[16]

### III. Legal Standard on Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[18] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[19] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of

---

[14] *Id.* at 4 (citing *Carbon v. Allstate Ins. Co.*, 97-3085 (La. 10/20/98), 719 So. 2d 437).

[15] *Id.* (citing *Scarborough v. Travelers Ins. Co.*, 718 F.2d 702, 709 (5th Cir. 1983)).

[16] *Id.* at 5–6 (citing *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d 495 (E.D. La. 2008) (Barbier, J.); *Cindass v. Allstate Ins. Co*, No. 06-6267, 2007 WL 3172111 (E.D. La. Oct. 29, 2007) (Engelhardt, J.); *McGuire v. Am. S. Home Ins. Co.*, 2007-0810 (La. App. 4 Cir.), 969 So. 2d 681, 684); *Freemon v. Allstate Indem. Co.*, No. 23-4809, Rec. Doc. 13 (E.D. La. Jan. 7, 2024) (Fallon, J.); *Ganier v. Specialty Risk Assocs., Inc.*, No. 2007-1374 (La. App. 4 Cir. 2/8/08), 977 So. 2d 1089).

[17] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[19] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

law.[20] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[21]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[22] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[23] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[24] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[25] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[26]

---

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[21] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[22] *Celotex*, 477 U.S. at 323.

[23] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[24] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[25] *Little*, 37 F.3d at 1075.

[26] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

## **IV. Analysis**

Louisiana law is applicable to this case because the provisions of an insurance policy are interpreted in accordance with the law of the state where the policy was issued.[27] Under Louisiana law, insurance policies are contracts between the insurer and insured, and are interpreted under contract law as provided by the Louisiana Civil Code.[28] The insurance policy should be enforced as written if the language in the insurance policy is clear and unambiguous.[29] Whether an insurance policy is clear, unambiguous, and enforceable is a question of law for the court to decide.[30]

Here, the Insurance Policy bearing policy number 815 432 213 issued to Mehdi Baldosse and Mary Kassardjian for 2613 Kentucky Ave, Kenner Louisiana 70062 contains a "Windstorm and Hail Exclusion Endorsement."[31] This endorsement states:

> I.    In **Section I–Your Property** the following changes are made:
>
>     A.  In **Losses We Do Not Cover Under Coverages A and B**, under paragraph A, the following item is added:
>
> > **Windstorm** or hail.
> >
> > **We** do not cover sudden and accidental direct physical loss caused by fire or explosion resulting from **windstorm** or hail.[32]

When this provision is read in the context of the entire Insurance Policy, the plain language of the

---

[27] *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 677–78 (5th Cir. 2000).

[28] *Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993).

[29] *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 2006-1827 (La. 5/22/07) 958 So. 2d 634, 638.

[30] *Pierce*, 542 F. Supp. 2d at 498 (citations and internal citations omitted).

[31] Rec. Doc. 13-3 at 37.

[32] *Id.*

endorsement expressly and unambiguously states that coverage is not provided for damage to the property caused by windstorm or hail.

Louisiana courts, including another section of this Court, have interpreted similar windstorm exclusion endorsements in Allstate's insurance policies. In *Pierce v. Allstate Insurance Company*, the insurance policy contained a "Windstorm or Hail Exclusion" that provides:

> For a reduction in premium: We do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. We do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.[33]

The presiding judge held that "the endorsement issued by [Allstate] is clear and unambiguous and must be enforced as written.'"[34] The presiding judge thus granted Allstate's motion for summary judgment and dismissed the plaintiff's claims against Allstate that arose out of property damage caused by Hurricane Katrina.[35] Similarly, yet another Section of this Court has recently interpreted a nearly identical windstorm exclusion clause to find that the plaintiff is excluded from recovering damages to the property caused by Hurricane Ida and granted Allstate's motion for summary judgment.[36]

Plaintiff has not filed any opposition to the instant motion for summary judgment or set forth any argument as to why the windstorm exclusion clause would not apply to the instant case.

Accordingly,

---

[33] *Pierce*, 542 F. Supp. 2d at 498.

[34] *Id.*

[35] *Id.* at 496.

[36] *Freemon*; No. 23-4809; Rec. Doc. 13 at 3–4.

6

**IT IS HEREBY ORDERED** that Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment[37] is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 19th day of March, 2024.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[37] Rec. Doc. 13.